## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

SONYIA CRUZ,

Defendant.

Criminal Action No. TDC-17-0300

## MEMORANDUM ORDER

Defendant Sonyia Cruz has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 160. On February 13, 2018, Cruz pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On April 9, 2021, Cruz was sentenced to a total sentence of 18 months of imprisonment, to be followed by three years of supervised release, with a special condition that Cruz be subjected to home detention for the first 12 months of supervised release. After Cruz served five and a half months of the sentence, the Federal Bureau of Prisons ("BOP") elected to permit her to serve the remainder of her sentence in home confinement, pursuant to the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"), Pub. L. No. 116-136 § 12003(b)(2), 134 Stat. 281, 516 (2020). At present, she is scheduled to be released from the sentence on January 17, 2023.

In her Motion, Cruz seeks a reduction of her sentence to time served on the grounds that the requirements of the home confinement program impose substantial burdens on her time that prevent her from providing adequate care to her three adult children who have certain disabilities. The Government opposes the Motion.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the

compassionate release provision, which allows the BOP to seek a modification of a prisoner's

sentence.  *See id.* § 3582(c)(1)(A).  Under the First Step Act of 2018, Pub. L. No. 115-391, 132

Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to

seek a sentencing reduction directly from the Court.  The provision now provides, in relevant part,

that:

> The court may not modify a term of imprisonment once it has been imposed except
> that:
>
> (1)　　in any case that—
>
> 　　(A)　　the court, upon motion of the Director of the Bureau of Prisons, or upon
> 　　　　motion of the defendant after the defendant has fully exhausted all
> 　　　　administrative rights to appeal a failure of the Bureau of Prisons to
> 　　　　bring a motion on the defendant's behalf or the lapse of 30 days from
> 　　　　the receipt of such request by the warden of the defendant's facility,
> 　　　　whichever is earlier, may reduce the term of imprisonment (and may
> 　　　　impose a term of probation or supervised release with or without
> 　　　　conditions that does not exceed the unserved portion of the original
> 　　　　term of imprisonment), after considering the factors set forth in section
> 　　　　3553(a) to the extent that they are applicable, if it finds that—
>
> 　　　　(i)　　extraordinary and compelling reasons warrant such a reduction;
>
> 　　　　　　　　*　*　*
>
> 　　　　and that such a reduction is consistent with applicable policy
> 　　　　statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  There is no dispute that Cruz has exhausted administrative remedies.

## I.    Extraordinary and Compelling Reasons

In seeking to establish "extraordinary and compelling reasons" warranting a sentence

reduction to time served, Cruz argues that the BOP-imposed requirements on her home

confinement sentence are too onerous in light of her need to take care of her three adult children who have cognitive and developmental delays, the need to manage the family's garden store business, and the limitations of her co-defendant husband, Frankie Cruz, who has diabetic retinopathy and depression. For example, Cruz objects to the BOP's requirements that she travel to meet with her case manager at the residential reentry center in Sacramento, California, 70 miles from her home, to participate in employment training, and to work for a third-party employer because they prevent her from fulfilling the above-described family obligations.

The Government argues that these circumstances cannot qualify as "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A), yet acknowledges that in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit held that "extraordinary and compelling reasons" is not limited to grounds set forth in the policy statement in United States Sentencing Guideline § 1B1.13 and did not place any formal limits on a district court's determination of what circumstances establish "extraordinary and compelling reasons." *See id.* at 284 (holding that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise"). While the Court agrees with the defense that there is no legal bar to considering whether the present circumstances meet this standard, the Court finds that the specific facts presented do not constitute such "extraordinary and compelling reasons."

Cruz loses sight of the fact that the Court's sentence was to 18 months of imprisonment, and that but for the BOP's decision to allow her to serve part of that sentence on home confinement, she would be serving the time between now and January 2023 in a federal prison, without any ability to provide assistance to her family and the family business. Where she has received the significant benefit of serving part of her sentence at home, the Court is entirely unpersuaded by

3

her complaints that the conditions are too onerous because she cannot provide assistance that the Court never contemplated her having the ability to provide during her sentence.  Significantly, the Court specifically considered Cruz's family responsibilities in granting a substantial downward variance and in agreeing to stagger the sentences of Cruz and Frankie Cruz so that only one parent would be incarcerated at any one time.  Particularly where Frankie Cruz is not incarcerated, the Court finds Cruz's argument unpersuasive.  Although Cruz also argues that her family obligations are more substantial than previously anticipated, including because of additional challenges facing Frankie Cruz, based on a review of the specific circumstances described in her filings, including the supplemental filing, the Court finds that the circumstances do not vary to such a degree from those known at the time of sentencing to support a conclusion that there are now "extraordinary and compelling reasons" justifying a sentence reduction.

**II.     18 U.S.C. § 3553(a)**

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Here, the nature and circumstances of this offense consisted of an extensive drug trafficking conspiracy that included bulk shipments of drugs and a money laundering scheme involving casinos.  Even if the drug at issue, marijuana, is less serious than the drugs at issue in other federal drug trafficking convictions, the scope and complexity of this scheme rendered it more serious than typical marijuana trafficking offenses.  Although Cruz had no criminal history and her history and characteristics included the substantial family challenges at issue in this Motion, the Court relied on those circumstances in part in granting a substantial downward variance from a guideline range of 51 to 63 months to only 18 months, a sentence which the Court deemed necessary to reflect the seriousness of the offense, promote respect for the law, provide

4

just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Even accounting for Cruz's claim that her difficult family circumstances are now more serious than known at the time of sentencing, including the information provided in Cruz's supplemental filing, ECF No. 173, the Court concludes that a sentence to time served, where Cruz actually only served five and a half months in prison and would be relieved from a significant portion of the home confinement portion granted by the BOP, would be inconsistent with the § 3553(a) factors. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Cruz's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No.160, is DENIED.

Date:  July 26, 2022

THEODORE D. CHUANG
United States District Judge

5